# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

### AUSTIN DIVISION

| | | |
|---|---|---|
| **CHARLES CHRISTOPHER LANCASTER,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-05-CA-096-SS** |
| | § | |
| **DOUG DRETKE, Director, Texas Dept. of** | § | |
| **Criminal Justice-Correctional** | § | |
| **Institutions Division,** | § | |
| **Respondent.** | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:      The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 8); Petitioner's response thereto (Document 9); and Petitioner's supplement (Document 13). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

**A.      Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 21st Judicial District Court of Bastrop County, Texas, in cause number 10,208, styled The State of Texas v. Charles Christopher Lancaster. On March 26, 2002, Petitioner was indicted for the felony offenses of aggravated kidnaping (his daughter) and burglary of a habitation (his ex-wife's). Petitioner entered a plea of not guilty. Subsequently, he was found guilty as alleged in the indictment and on October 8, 2003, was sentenced to life and ninety-nine years imprisonment.[1]

In Williamson County Petitioner was charged with two counts of sexual assault of a child (his daughter). Pursuant to a plea bargain agreement entered in cause number 02-275-K277 in the 277th Judicial District Court of Williamson County, Texas, Petitioner agreed to plead guilty to one count of sexual assault of a child and waive his right to appeal his Bastrop County case. In exchange for his plea, one count of sexual assault of a child was dismissed and Petitioner was sentenced to thirty years in prison to run concurrently with his Bastrop County sentences.

Petitioner did not appeal his Williamson County conviction. Instead, he challenged his conviction in a state application for habeas corpus relief. Petitioner filed his state writ on June 14, 2004, and it was denied by the Texas Court of Criminal Appeals without written order based on the findings of the trial court without a hearing on October 20, 2004. Ex parte Lancaster, Appl. No. 59,676-01. The Williamson County conviction is the conviction at issue here.

---

[1]The Court denied Petitioner habeas corpus relief with regard to his Bastrop County conviction in Lancaster v. Dretke, No. A-04-CA-777-SS (W.D. Tex.).

**B.** **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.  Petitioner involuntarily pleaded guilty as a result of his counsel's ineffectiveness and the State's misconduct; furthermore, Petitioner had indicated a desire to withdraw his guilty plea;

2.  Petitioner was denied the effective assistance of counsel when counsel: (a) failed to interview possible alibi witness Richard Lee McBride; (b) failed to file a timely motion to suppress his videotaped statements as well as Petitioner's personal writings; (c) failed to investigate the victim's prior bad acts; (d) improperly advised him regarding a case in another county; (e) failed to investigate Petitioner's mental condition; (f) failed to investigate the results of a DNA analysis; and (g) failed to adopt Petitioner's trial strategy;

3.  Petitioners' person and legal writings were illegally seized; and

4.  Petitioner's conviction was obtained as a result of the prosecution's failure to disclose favorable evidence, that is, McBride's potential testimony and the results of a DNA analysis.

**C.** **Exhaustion of State Court Remedies**

Respondent argues Petitioner has not exhausted his state court remedies with regard to the italicized claims. Respondent does not move to dismiss Petitioner's application for failure to exhaust state court remedies. Rather, Respondent argues the unexhausted claims are procedurally barred. Petitioner responds the claims are exhausted because he raised them in an amendment to his state application for habeas corpus relief. The state court records reflect an amendment was filed after the trial court had issued its Findings of Fact and Conclusions of Law and the case had been transmitted to the Texas Court of Criminal Appeals but before the Texas Court of Criminal Appeals had denied Petitioner habeas corpus relief. The amendment responds to the affidavits filed by Petitioner's defense attorneys in response to the claims raised by Petitioner in his state application for habeas corpus relief.

The Court may deny an application for a writ of habeas corpus on the merits, notwithstanding the failure of the applicant to exhaust all available remedies. 28 U.S.C. § 2254(b)(2).  Because the Court finds Petitioner's application to be without merit, the Court need not determine whether his claims are procedurally defaulted.

## DISCUSSION AND ANALYSIS

**A.      The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[2] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254.  Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)).   The inquiry into whether the decision was based on an "unreasonable

---

[2] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

determination of the facts" constrains a federal court in its habeas review due to the deference it must

accord the state court.   See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state
> court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on
> a question of law or if the state court decides a case differently than ... [the Supreme
> Court] has on a set of materially indistinguishable facts.   Under the "unreasonable
> application" clause, a federal habeas court may grant the writ if the state court
> identifies the correct governing legal principle from ... [the Supreme Court's]
> decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts.  See 28 U.S.C.

§ 2254(e)(1).   While we presume such determinations to be correct, the petitioner can rebut this

presumption by clear and convincing evidence.   See id.  Absent an unreasonable determination in

light of the record, we will give deference to the state court's fact findings.   See id. § 2254(d)(2).

With these principles in mind, this Court must now turn to the issues raised by the pleadings in this

cause.

## B.      Guilty Plea

In his first ground for relief, Petitioner challenges the voluntariness of his plea.   On state

habeas review the trial court found:

> Applicant judicially confessed, both orally and in writing, to committing the offense
> of sexual assault, as alleged in count one of the indictment.
>
> The trial court accepted applicant's plea of guilty and found that applicant had entered
> his plea voluntarily.
>
> At the time of sentencing, applicant stated to the trial court that he had no complaints
> against either of his attorneys regarding their representation of him.

> Applicant was aware of his right to a jury trial, his right to cross-examine State witnesses, and his right to call witnesses to testify on his behalf, when he pleaded guilty in this case.

Ex parte Lancaster, Appl. No. 59,676-01 at 32-34.

The trial court concluded:

> Applicant's attorneys in this case, Buddy King and Russell Hunt, ensured that the guilty plea entered by applicant was voluntary.

> Applicant entered his pleas of guilty and true voluntarily.  His pleas were not the result of an improper inducement by the State, either of his counsel, or the trial court.

Id. at 34.

A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary, and intelligent. See James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995); and Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985), cert. denied, 474 U.S. 838 (1985).  For a guilty plea to be "intelligently" and "knowingly" entered, the defendant must understand both the true nature of the charge against him, and "the consequences" of a guilty plea, respectively.   United States v. Briggs, 939 F.2d 222, 227 (5th Cir. 1991) and United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990), cert. denied, 498 U.S. 1093 (1991).  A plea is intelligent if the defendant understood the nature and substance of the charges against him and not necessarily whether he understood their technical legal effect.  James v. Cain, 56 F.3d at 666 (citing Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir. 1991), cert. denied, 503 U.S. 988 (1992)).

Petitioner has not presented this Court with any credible evidence establishing that his plea was not voluntarily, knowingly or intelligently entered.  Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly

established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

## C.      Ineffective Assistance of Counsel

In his next ground for relief, Petitioner argues that he was denied effective assistance of counsel.   The state court on habeas review concluded that the duties of Petitioner's counsel were limited to the determination of whether the defendant's plea was entered knowingly and voluntarily. Ex parte Lancaster, Appl. No. 59,676-01 at 34.   The state court determined Petitioner's attorney ensured that the guilty plea was entered by Petitioner voluntarily.   Id.  The court further concluded Petitioner entered his pleas of guilty and true voluntarily and that his pleas were not the result of an improper inducement by the State, either of his counsel, or the trial court.   Alternatively, the state court concluded Petitioner was not denied effective assistance of counsel.   Id.

In the context of a guilty plea, a petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). "[O]nce a guilty plea has been entered, all non-jurisdictional defects in the proceedings against a defendant are waived.   This includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea."  Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983), cert. denied sub. nom, Smith v. McKaskle, 466 U.S. 906, 104 S. Ct. 1685 (1984).

Petitioner did not present to the state courts his claim that counsel was ineffective for failing to investigate Petitioner's mental condition.   Rather in his amendment presented only to the Court of Criminal Appeals, Petitioner stated Mr. Hunt was not in a position to judge the mental heath of the petitioner after he had experienced the traumatic event of being sentenced to life in prison in

Bastrop County only days before being transported to Williamson County. Nevertheless, the fact that Petitioner had previously been sentenced in Bastrop County to life in prison does not render his Williamson County guilty plea involuntary. Because Petitioner has failed to demonstrate his guilty plea was not voluntarily entered, his remaining claims of ineffective assistance of counsel are waived.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, the Court is of the opinion that 28 U.S.C. § 2254, as amended by the AEDPA, bars habeas corpus relief on Petitioner's claim that he received ineffective assistance of trial counsel.

**D.     Seizure of Writings**

In his next ground for relief Petitioner argues his Fourth Amendment rights were violated because his writings were seized from his jail cell at the T. Don Hutto Correctional Facility without a warrant. This claim has also been waived. A knowing and voluntary plea of guilty waives all preceding non-jurisdictional defects, including Fourth Amendment claims. See Beasley v. McCotter, 798 F.2d 116, 118-19 (5th Cir. 1986); Norman v. McCotter, 765 F.2d 504, 511 (5th Cir. 1985); United States v. Diaz, 733 F.2d 371, 376 n. 2 (5th Cir. 1984); Williams v. Wainwright, 604 F.2d 404, 406-07 (5th Cir. 1979); United States v. Bell, 457 F.2d 1231, 1234 n. 1 (5th Cir. 1972).

**E.     Brady Claims**

In his final ground for relief Petitioner argues his conviction was obtained through the prosecution's unconstitutional failure to disclose evidence. Petitioner identifies the alleged favorable

evidence as Richard McBride's potential testimony and the results of a DNA analysis pertaining to charges of sexual assault in Travis County.

"[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Brady v. Maryland, 373 U.S. 83, 87 83 S. Ct. 1194 (1963). Evidence is favorable to an accused under Brady "if it would tend to exculpate him or reduce the penalty. . . ." Id. at 87-88.

The holding of Brady v. Maryland "requires a prosecutor to disclose exculpatory evidence for purposes of ensuring a fair trial, a concern that is absent when a defendant waives trial and pleads guilty." Orman v. Cain, 228 F.3d 616, 617 (5th Cir. 2000). Because the Supreme Court has not extended Brady to proceedings in which the defendant enters a plea of guilty, the state habeas court's denial of petitioner's Brady claim was not unreasonable. See id. at 621 (holding that, under AEDPA standards, it is "patently reasonable" for courts to decide not to extend Brady to guilty pleas). Accordingly, a prosecutor's failure to disclose potentially exculpatory material to a criminal defendant prior to entry of a guilty plea does not constitute a violation of Brady or the Due Process Clause. Under the AEDPA, Petitioner's Brady claim is insufficient as a matter of law to warrant habeas relief.[3]

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

---

[3] The Court additionally notes the state court's determination that neither the potential testimony of Richard McBride, nor the results of the DNA testing in Travis County, would have resulted in favorable or material evidence in Petitioner's Williamson County case was not unreasonable. Defense counsel was well aware of Mr. McBride's potential testimony, and the Travis County DNA testing had no bearing on Petitioner's guilt in the Williamson County case.

**OBJECTIONS**

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  <u>Battles v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>See</u> 28 U.S.C. § 636(b)(1)(C);  <u>Thomas v. Arn</u>, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  <u>Douglass v. United Servs. Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

The Clerk is directed to send a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 13th day of May, 2006.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE